UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff,<br><br>        v.<br><br>MANUEL LUNA, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-6432 EMC<br><br>**ORDER GRANTING DEFENDANT LUNA'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**(Docket Nos. 3, 8)** |

        Plaintiff Federal National Mortgage Association ("FNMA") initiated an unlawful detainer action against Rosalia Garcia in San Joaquin County Superior Court. In August 2012, Defendant Manuel Luna removed the case to federal court, asserting that he is a tenant at the real property at issue. *See Federal Nat'l Mortg. Ass'n v. Garcia*, No. C-12-4253 SI (N.D. Cal.) (Docket No. 1) (Not. of Removal ¶ 1). Judge Illston remanded the case after concluding that there was no subject matter jurisdiction over the case. *See id.* (Docket No. 20) (order). Subsequently, in December 2012, Mr. Luna removed the same unlawful detainer case to federal court a second time – a removal which gave raise to the current case. Mr. Luna asks for leave to proceed *in forma pauperis* with respect to this lawsuit. Although FNMA has not yet been formally served with a copy of the complaint in this action, it has filed a motion to remand, which is also currently pending.[1]

---

[1] The Court notes that, in both Judge Illston's case and in this case, Mr. Luna removed the state court case to the Northern District of California. However, given that the state court case originated in San Joaquin Superior Court, removal should have been made to the Eastern District of California. *See* 28 U.S.C. § 1446(a) (providing that "[a] defendant or defendants desiring to remove

Having considered the papers filed, as well as all other evidence of record,[2] the Court finds both matters suitable for disposition without oral argument and **VACATES** the hearing set for February 7, 2012.  For the reasons discussed below, the Court **GRANTS** Mr. Luna's motion to proceed in forma pauperis but also **GRANTS** FNMA's motion to remand.

## I.   DISCUSSION

A.   Application to Proceed *In Forma Pauperis*

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).  *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).  Having reviewed Mr. Luna's financial affidavit, the Court is satisfied that he has demonstrated that he meets the economic eligibility requirement and, accordingly, grants his application to proceed *in forma pauperis*.

Although the Court grants the application, it has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case.  *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, No. C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny in forma pauperis status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction").  Moreover, in its motion to remand, FNMA argues, *inter alia*, that subject matter jurisdiction is lacking.  For the reasons discussed below, the Court agrees with

---

any civil action from a State court shall file *in the district court of the United States for the district and division within which such action is pending* a notice of removal") (emphasis added).

[2]  Mr. Luna failed to file an opposition to FNMA's motion to remand.

FNMA that it does not have subject matter jurisdiction over the case, and therefore a remand to the state court is warranted.

B.  Motion to Remand

FNMA argues first in favor of a remand because, previously, Mr. Luna removed the same state court action to federal court, and Judge Illston remanded the case for lack of subject matter jurisdiction. FNMA acknowledges that, in the Judge Illston case, Mr. Luna seemed to remove on a different basis (*i.e.*, federal question jurisdiction in the Judge Illston case as opposed to diversity jurisdiction here)[3]; it contends, however, that, as a general matter, a defendant is allowed to remove only one time and that "[a] second removal may be justified [only] by a change of circumstances." Mot. at 4; *see also Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006) (stating that "[a] second removal is proper when based on a new development"); *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996) (indicating that a second removal is appropriate "'when subsequent pleadings or events reveal a new and different ground for removal'") (emphasis omitted). *See, e.g.*, *Nexbank, SSB v. BAC Home Loan Serv'g, LP*, 2011 U.S. Dist. LEXIS 125897, at *15-16 (N.D. Tex. Oct. 28, 2011) (stating that, "[b]ecause Defendants clearly could have but did not raise this 'new' improper or fraudulent pleading ground when they removed the case the first time in March 2010, it cannot serve as a basis for Defendants second removal in February 2011, and the case must be remanded"). The Court agrees with FNMA's that Mr. Luna's second removal is not justified. At the time of the first removal, Mr. Luna knew or should have been aware of the alleged facts giving rise to diversity jurisdiction. Therefore, this second attempt at removal (based on diversity jurisdiction instead of federal question jurisdiction) is improper.

But even if the Court were to find no procedural bar to Mr. Luna's second removal, he would fare no better. Even if the Court were to assume complete diversity among the parties, 28 U.S.C. § 1332 requires that "the matter in controversy exceed[] the sum or value of $ 75,000." 28 U.S.C. § 1332(a). Mr. Luna has not made any showing that the damages sought by FNMA would exceed that

---

[3] Because Mr. Luna failed to file an opposition to the motion to remand, the Court looks to his notice of removal to determine the basis for the claimed subject matter jurisdiction. The notice of removal indicates that Mr. Luna is asserting diversity jurisdiction in the instant case.

3

amount; in fact, the caption of the complaint (under the jurisdiction section) expressly states that FNMA seeks damages not to exceed $10,000. The fact that the property at issue may be worth more than $75,000 is irrelevant. If FNMA prevails in its action, Mr. Luna's "liability will be measured by the fair rental value of the property for the time [he] unlawfully occupied it." *Bank United v. Peters*, No. C 11-1756 PJH, 2011 U.S. Dist. LEXIS 54884, at *4 (N.D. Cal. May 23, 2011) (also stating that "the amount in controversy is not the assessed value or the sales value of the property").

Finally, the Court notes that, even if there were no jurisdictional bar, Mr. Luna's removal was not timely effectuated and therefore a remand is appropriate. Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). Here, papers attached to the notice of removal indicate that Mr. Luna had received the state court complaint before June 2012. *See* Docket No. 1 (Not. of Removal) (including as an attachment a copy of the answer to the complaint filed by Mr. Luna in state court). Mr. Luna, however, did not file the notice of removal in this case until approximately six months later (*i.e.*, December 2012). Even Mr. Luna's first removal, which led to the case before Judge Illston, was untimely as it was not filed until August 2012. *See Garcia*, No. 12-4253 SI (N.D. Cal.) (Docket No. 1) (notice of removal).

## II. CONCLUSION

For the foregoing reasons, the Court grants Mr. Luna's application to proceed *in forma pauperis* but also grants FNMA's motion to remand. The case is hereby remanded to the San Joaquin County Superior Court.

This order disposes of Docket Nos. 3 and 8.

IT IS SO ORDERED.

Dated: February 5, 2013

EDWARD M. CHEN
United States District Judge